## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| **PEOPLENET COMMUNICATIONS** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 09-cv-144 (JRT/AJB) |
| | ) | |
| vs. | ) | **TELEPHONIC HEARING** |
| | ) | **REQUESTED** |
| **R & L CARRIERS, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## RULE 26(f) REPORT FOR PATENT CASES

Pursuant to Fed. R. Civ. P. 26(f) and the Local Rules of this Court, a telephone conference was held on April 24, 2009 to discuss matters pertaining to the above-captioned case and to prepare the following recommended pretrial scheduling order. Douglas J. Williams and Laura J. Borst (on behalf of PeopleNet Communications Corporation) and Donald Campbell, Anthony C. White, O. Judson Scheaf, III, Megan Dortenzo and Philip Sineneng (on behalf of R&L Carriers) participated in this conference.

The Court has scheduled the pretrial conference for May 12, 2009, before United States Magistrate Judge Arthur J. Boylan in Chambers 334, 316 North Robert Street, St. Paul, Minnesota. Because lead counsel for Defendant/Counterclaim Plaintiff R&L Carriers,

Inc. ("R&L" or "Defendant") resides in Columbus, Ohio, the parties request that the Court conduct the pretrial conference by telephone.

This action involves the question of whether certain of Plaintiff/Counterclaim Defendant PeopleNet Communications Corporation's ("PeopleNet" or "Plaintiff") products, including the g3 Onboard Computer System, infringes on R&L's ownership interests in U.S. Patent No. 6,410,078 (the "'078 Patent"). The '078 Patent is entitled "Bill of Lading Transmission and Processing System for Less Than Load Carriers."

Patent infringement and patent validity issues will be before this Court, and because R&L alleges that PeopleNet's actions are willful, willful infringement is also before this Court. Finally, this Court will also be presented with issues concerning monetary damages and the entry of a permanent injunction.

Presently, there are six actions pending before the U.S. District Court for the Southern District of Ohio, and one action pending before the U.S. District Court for the District of Utah alleging infringement of the '078 Patent. R&L has filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") to transfer this action, along with the seven other actions, pursuant to 28 U.S.C. § 1407, for consolidated and coordinated pretrial proceedings before the U.S. District Court for the Southern District of Ohio. PeopleNet opposed R&L's motion to transfer. The JPML set May 28, 2009 as the hearing date for the motion.

**Description of Case.**

(1)   **Plaintiff's Claims:**   PeopleNet was founded in 1994 to develop solutions for effective fleet management.  This exclusive focus made PeopleNet the leading provider of onboard computing and mobile communications systems to the transportation industry.  PeopleNet's headquarters are in Chaska, Minnesota.  In 2007,  PeopleNet received a request for proposal from R&L.   In May 2007, PeopleNet provided extensive general and technical information to R&L regarding the company and its systems of fleet management, mobile communications and onboard computing in the transportation market.  On January 9, 2009, PeopleNet received a cease and desist letter from R&L carriers accusing PeopleNet of infringing on R&L's '078 Patent.  PeopleNet does not infringe on R&L's patent and to protect its rights, PeopleNet promptly filed a declaratory judgment action on January 22, 2009, in the United States District Court for the District of Minnesota, seeking a judgment of non-infringement and invalidity of the '078 Patent.

(2)   **Defendant's Claims:**   The '078 Patent claims a process directed to the transfer of shipping documentation for a package (freight) to a processing center.   Specifically, documentation for a package is scanned and transmitted wirelessly to a remote processing center that prepares a loading manifest including the package prior to the package being removed from the transporting vehicle.

R&L filed a counterclaim against PeopleNet alleging contributory infringement and active inducement of infringement of the '078 Patent. PeopleNet markets the g3 Onboard Computing System on its website and through other means by promoting its ability to capture bill-of-lading information, cargo bar code information and other data through a cab tethered option. PeopleNet also encourages the use of the g3 Onboard Computing System for in-cab scanning and faxing and in-cab receipt and delivery of scanned or imaged documents to increase the speed of transmitting billing information to the back office. Further, PeopleNet promotes the combination of its g3 Onboard Computing System with various application services, including without limitation the PACOS Geofencing & Automated Messaging service ("PACOS"). According to PeopleNet's website, "[t]hrough PACOS, load and route information is automatically delivered to the driver upon arrival through an automated manifest that is integrated with [the] dispatch system."

Using the g3 Onboard Computing System in these manners is an infringement of the '078 Patent. Furthermore, because PeopleNet is aware of the '078 Patent, and because it filed its declaratory judgment action seeking a declaration of invalidity with respect to the '078 Patent without responding to R&L's Cease and Desist Letter, PeopleNet is willfully contributing to and actively inducing the infringement of the '078 Patent.

The U.S. Patent and Trademark Office duly and legally issued the '078 Patent on June 4, 2002, and the '078 Patent is presumed to be valid under 35 U.S.C. § 282.  R&L owns all ownership interests and rights in the '078 Patent by assignment.

R&L expects the JPML to rule on its Motion to Transfer shortly after the hearing on May 28, 2009.  A fundamental purpose of consolidating pretrial proceedings in a multidistrict litigation is to eliminate duplicative discovery and conserve the parties' resources.  *In re Halftone Color Separations Patent Litig.*, 547 F. Supp. 2d 1383, 1384 (Jud. Pan. Mult. Lit. 2008).  For that reason, R&L requests that the deadlines in this report be tied to the JPML's decision on R&L's motion.

(3)     **Statement of Jurisdiction:**  This action arises under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.* and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and venue is proper under 28 U.S.C. § 1391.

(4)     **Summary of factual stipulations or agreements:**

There are no factual stipulations or agreements between the parties at this time.

The parties agree to stipulate with the Court's approval or otherwise move this Court to amend or revise these deadlines as deemed necessary.

(5)   **Jury Demand:**  Both parties timely demanded trial by jury.

(b)   **Pleadings.**

(1)   All process has been served and no party, at this stage in the proceedings, contemplates any amendment to the pleadings. PeopleNet and R&L reserve the right to amend the pleadings as set forth below.

(2)   PeopleNet recommends that all motions that seek to amend the pleadings or add parties will be filed by October 12, 2009.

R&L recommends that all motions that seek to amend the pleading or add parties will be filed within 6 months of the JPML's decision on the Motion to Transfer.

(c)   **Discovery and Pleading of Additional Claims and Defenses.**

(1)   Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is, in whole or in part, in the hands of another party.

(2)     Once a party has given the necessary discovery, the opposing party may seek leave of Court to add claims or defenses for which it alleges, consistent with Fed. R. Civ. P. 11, that it has support, and such support shall be explained in the motion seeking leave. Leave shall be liberally given where *prima facie* support is present, provided that the party seeks leave as soon as reasonably possible following the opposing party providing the necessary discovery.

(d)     **Fact Discovery.**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1)     PeopleNet recommends that all pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(l) shall be completed, by June 12, 2009, with documents to be produced pursuant to these disclosures not later than June 26, 2009.

R&L recommends that all pre-discovery disclosures required by Fed. R. Civ. P. 26 (a)(1) shall be completed within 30 days of the JPML's decision on the Motion to Transfer, with documents to be produced pursuant to these disclosures no later than 2 weeks thereafter.

(2)     PeopleNet recommends that fact discovery shall be commenced in time to be completed  by March 12, 2010 for non-damages related discovery, and August 12, 2010 for damages related discovery.

R&L recommends that fact discovery shall be completed <u>within 10 months of the JPML's decision on the Motion to Transfer</u> for non-damages related discovery, and <u>5 months thereafter</u> for damages related discovery.

(3)     The parties agree and recommend that the Court limit the use and numbers of discovery procedures as follows:

    (A)     <u>40</u> interrogatories;

    (B)     <u>50</u> document requests;

    (C)     <u>15</u> factual depositions; and

    (D)     <u>25</u> requests for admissions.

(e)     **Expert Discovery.**

The parties anticipate that they will require expert witnesses at time of trial.

(1)     PeopleNet anticipates calling four experts in the fields of software engineering and design, transportation and trucking, patent damages & accounting, patent office practice and procedure.

(2)     R&L anticipates calling four experts in the fields of computer engineering, transportation and trucking, accounting, and economics.

(3)     By the close of fact discovery, the parties shall identify to the opposing party the experts who will provide a report that deals with the issues on which that party has the burden of persuasion.

Alternate recommended date:   <u>within 2 weeks of the close of factual discovery</u>.

(4)     Within 30 days after the close of fact discovery the parties shall exchange initial expert reports, which reports shall be in accordance with Fed. R. Civ. P. 26(a)(2)(B) ("Initial Expert Reports"). The Initial Expert Reports from each party shall deal with the issues on which that party has the burden of persuasion.

Alternate recommended date:   <u>within 30 days of the identification of experts</u>.

(5)     Within 30 days after the Initial Expert Reports are exchanged Rebuttal Expert Reports shall be exchanged. Rebuttal Expert Reports shall also be in accordance with Fed. R. Civ. P. 26(a)(2)(B).

(6)     Anything shown or told to a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, is subject to discovery by the opposing party.

(7)     The parties shall agree that: (A) drafts of expert reports will be retained and produced; and (B) inquiry is permitted into whom, if anyone, other than the expert participated in the drafting of his/her report. The Court will not entertain motions on these two issues. In the absence of such an agreement, drafts of expert reports need not be produced, but inquiry into who participated in the drafting and what their respective contributions were is permitted.

(8)     All expert discovery shall be completed <u>within 30 days after Rebuttal Expert Reports are exchanged</u>.

(f)     **Discovery Relating to Claim Construction Hearing.**

(1)     PeopleNet's Proposed Deadline For R&L's Claim Chart:   <u>October 12, 2009</u>.

R&L's Proposed Deadline for R&L's Claim Chart:   <u>6 months after the JPML's decision the Motion to Transfer</u>.

R&L's Claim Chart shall identify: (1) which claim(s) of its patent it alleges are being infringed; (2) which specific products or methods of PeopleNet it alleges literally infringe each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2) including the basis for each   contention that the element is present. If there is a contention by R&L that there is infringement of any claims under the

doctrine of equivalents, R&L shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, R&L shall also explain each function, way, and result that it contends are equivalent, and why it contends that any differences are not substantial.

R&L may amend its Claim Chart not later than 50 days after entry of the Court's claim construction ruling if R&L believes in good faith that the Court's claim construction ruling so requires.

(2)     PeopleNet's Proposed Deadline For PeopleNet's Claim Chart: <u>November 12, 2009</u>.

R&L's Proposed Deadline for PeopleNet's Claim Chart:   <u>30 days after R&L's submission of its Claim Chart</u>.

PeopleNet's Claim Chart shall indicate with specificity which elements on R&L's Claim Chart it admits are present in its accused device or process, and which it contends are absent. In the latter regard, PeopleNet will set forth in detail the basis for its contention that the element is absent. As to the doctrine of equivalents, PeopleNet shall indicate on its chart its contentions concerning any differences in function, way, and result, and why any differences are substantial.

(3)     <u>PeopleNet recommends that by December 12, 2009</u>, the parties shall simultaneously exchange a list of claim terms, phrases, or clauses that each

party contends should be construed by the Court. <u>By December 28, 2009</u>, the parties shall meet and confer for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement.

R&L recommends that <u>within 30 days of PeopleNet's submission of its Claim Chart</u>, the parties exchange a list of claim terms, phrases, or clauses that each party contends should be construed by the Court. <u>Within 14 days of this exchange</u>, the parties shall meet and confer for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement.

During the meet and confer process, the parties shall exchange their preliminary proposed construction of each claim term, phrase or clause which the parties collectively have identified for claim construction purposes.

At the same time the parties exchange their respective "preliminary claim construction," they shall also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses that they contend support their respective claim constructions. The parties shall identify each item of extrinsic evidence by

production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness's proposed testimony.

(4) PeopleNet recommends that following the parties' meet and confer described above, and no later than <u>January 28, 2010</u>, the parties shall notify the Court as to whether they request that the Court schedule a Claim Construction hearing to determine claim interpretation.

R&L recommends that the parties shall notify the Court as to whether they request a Claim Construction hearing to determine claim interpretation <u>within 30 days of the meet and confer described above</u>.

If any party believes there is no reason for a Claim Construction hearing, the party shall provide the reason to the Court.

At the same time, the parties shall also complete and file with the Court a joint claim construction statement that shall contain the following information:

(A) The construction of those claim terms, phrases, or clauses on which the parties agree;

(B)     Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification of prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient and expert witnesses;

(C)     Whether any party proposes to call one or more witnesses, including experts at the Claim Construction hearing, the identity of each such witness and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and

(D)     Whether any party proposes to use animation or graphical support for its proposed Claim Construction, an overview of the content of each animation or graphical support, and a summary of the purpose of each animation or graphical support.

(5)     If the Court schedules a Claim Construction hearing, prior to the date of the Claim Construction hearing, the Court shall issue an Order discussing:

(A)     Whether it will receive extrinsic evidence, and if so, the particular evidence it will receive;

(B)     Whether the extrinsic evidence in the form of testimony shall be the affidavits already filed, or in the form of live testimony from the affiants; and

(C)     A briefing schedule.

(g)     **Discovery Relating to Validity/Prior Art.**

(1)     Within <u>45</u> days of its receipt of R&L's Claim Chart pursuant to Discovery Plan paragraph (f)(1), PeopleNet shall serve on R&L a list of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by R&L ("PeopleNet's Prior Art Statement").

(2)     Within <u>45</u> days of its receipt of PeopleNet's Prior Art Statement, R&L shall serve on PeopleNet "R&L's Prior Art Statement", in which it will state in detail its position on what the prior art relied upon by PeopleNet shows, if its interpretation differs from PeopleNet's, and its position on why the prior art does not invalidate the asserted patent claims.

(3)     Plaintiff's and Defendant's "Prior Art Statements" can be, but need not be, in the form of expert reports.

(4)     PeopleNet can add prior art to its original Statement:

(a)  If R&L files an amended Claim Chart as set forth in section (f)(1), PeopleNet can add prior art to its original Statement 50 days after R&L files such chart; and/or

(b) Not later than 50 days after entry of the Court's claim construction ruling if PeopleNet believes in good faith that the Court's claim construction ruling so requires.

(h)     **Other Discovery Issues.**

(1)     Electronically Stored Information ("ESI") shall be produced as TIFF image files with accompanying OCR, preserving the integrity of the electronic documents' contents and maintaining the parent-child relationship with respect to emails and their attachments.  Where the functionality or format of an electronic document or ESI is destroyed, altered or unusable if promoted to a TIFF image (e.g., Excel spreadsheet, database information), the production shall be in native or otherwise agreed format.  Production of ESI shall include the following metadata:  Application, BCC, DocID, CC, Custodian/Source, Date Modified, Date Sent, Document Title, From/Author, Subject and To/Recipient.

(2)     PeopleNet may postpone the waiver of any applicable attorney-client privilege on topics relevant to claims of willful infringement, until 4

months prior to the completion of damages-related discovery, provided that all relevant privileged documents are produced no later than <u>3 months prior to the completion of damages-related discovery</u>.  All additional discovery regarding the waiver will take place after <u>10 months after the JPML's decision on the Motion to Transfer</u> and shall be completed <u>within 15 months after the JPML's decision on the Motion to Transfer</u>.

(3)     The parties have met and discussed whether any discovery should be conducted in phases to reduce expenses or make discovery more effective and present the following joint or individual proposals:  <u>None</u>.

(4)     The parties have discussed and would like to enter into a Protective Order. The parties are currently preparing a proposed Stipulated Protective Order and will jointly submit it to the Court for the Court's approval.  If the parties disagree as to any terms to be included in the Protective Order, they shall present any issues of disagreement to the Court, including, but not limited to, any issues relating to persons who are entitled to have access to documents subject to protective treatment.

(i)     **Discovery Definitions.**

In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used.

Compliance with this provision is not satisfied by the respondent including a specific definition of the term of art in its response, and limiting its response to that definition.

(j)      **Motion Schedule.**

(1)      The parties recommend that all non-dispositive motions be filed and served on or before the following dates:

(A)      PeopleNet recommends that all motions that seek to amend the pleadings or add parties must be served <u>by December 1, 2009</u>.

R&L recommends that all motions that seek to amend the pleadings or add parties must be served <u>within 6 months of the JPML's decision on the Motion to Transfer</u>.

(B)      All other non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed by the discovery deadline date <u>within 18 months of the JPML's decision on the Motion to Transfer</u>.

(C)      All non-dispositive motions shall be scheduled, filed and served in compliance with the Local Rules.

(2)      The parties recommend that all dispositive motions be filed and served so they can be heard by the following dates:

(A)   PeopleNet recommends that all dispositive motions shall be served and filed by the parties by <u>September 1, 2010</u>.

R&L recommends that all dispositive motions shall be served and filed by the parties <u>within 30 days of the deadline for non-dispositive motions</u>.

(B)   All dispositive motions shall be scheduled, filed and served in compliance with the Local Rules.

(k)   **Trial-Ready Date.**

(1)   PeopleNet suggests that the case will be ready for trial on or after <u>November 15, 2010</u>.

R&L suggests that the case will be ready for trial <u>after 3 months after the deadline for non-dispositive motions</u>.

(2)   A final pretrial conference should be held on or before <u>30 days prior to trial</u>.

(l)   **Settlement.**

(1)   The parties will advise the Magistrate Judge of their respective positions on settlement at least 3 (three) days before May 12, 2009, the date of the initial pretrial conference, by submitting a confidential letter to the Magistrate

Judge.  Additionally, the parties have agreed to engage in informal settlement discussions prior to July 1, 2009.

(2)    The parties believe that a settlement conference is appropriate and should be scheduled by the Court before <u>July 1, 2009</u>.

(3)    The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and have concluded that if in the future the parties feel that ADR becomes appropriate they will promptly advise the Court.

(m)    **Trial by Magistrate Judge.**

The parties have not agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).

(n)    **Tutorial Describing the Technology and Matters in Issue.**

If the parties believe that a tutorial for the Court would be helpful for the Court, the parties shall simultaneously submit a letter to the Court, asking whether the Court wishes to schedule a tutorial and proposing the timing and format of the tutorial.

(o)     **Patent Procedure Tutorial.**

The parties <u>agree</u> that the video "An Introduction to the Patent System",

distributed by the Federal Judicial Center, should be shown to the jurors in

connection with its preliminary jury instructions.

Dated:  May 5, 2009

/s/ Donald T. Campbell_____
Donald T. Campbell (MN ID #262171)
LEONARD, STREET & DEINARD
150 South Fifth Street, Suite 2300
Minneapolis, MN  55402
Tel:    (612) 335-1500
Fax:    (612) 335-1657
donald.campbell@leonard.com

Anthony C. White    *(admitted pro hac vice)*
O. Judson Scheaf, III  *(admitted pro hac vice)*
Philip B. Sineneng   *(admitted pro hac vice)*
THOMPSON HINE LLP
41 South High Street, Suite 1700
Columbus, OH  43215-6101
Tel:    (614) 469-3200
Fax:    (614) 469-3361
Tony.White@ThompsonHine.com
Jud.Scheaf@ThompsonHine.com
Philip.Sineneng@ThompsonHine.com

Megan D. Dortenzo *(admitted pro hac vice)*
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH  44114
Tel:    (216) 566-5500
Fax:    (216) 566-5800
Megan.Dortenzo@ThompsonHine.com

*Attorneys for Defendant/Counterclaim-Plaintiff*
*R&L Carriers, Inc.*

Dated:  May 5, 2009

/s/ Douglas J. Williams
Douglas J. Williams (MN ID #117353)
Cynthia A. Bremer (MN ID #273119)
Laura J. Borst (MN ID #32548X)
FULBRIGHT & JAWORSKI, LLP
2100 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Tel:    (612) 321-2800
Fax:    (612) 321-2288

*Attorneys for Plaintiff/Counterclaim-Defendant*
*PeopleNet Communications Corporation*