# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

PEOPLENET COMMUNICATIONS
CORPORATION,

Civil No. 09-144 JRT/AJB

       Plaintiff,

v.

**R & L CARRIERS, INC.**

       Defendant.

-------------------------------------------------------------------------------------------------------------------

## PRETRIAL SCHEDULING ORDER

       Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings.  The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Discovery Plan

    1.    Defendant shall serve upon Plaintiff by November 2, 2009, "Defendant's Claim Chart," which shall identify: (1) which claim(s) of its patent it alleges are being infringed; (2) which specific products or methods of Plaintiff it alleges literally infringe each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present.  If there is a contention by Defendant that there is infringement of any claims under the doctrine of equivalents, Defendant shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, Defendant shall also explain each of the functions, way and result that it contends are equivalent, and why it contends that any differences are not substantial.

2.      No later than December 1, 2009, Plaintiff shall serve upon Defendant,  "Plaintiff's Claim Chart" that indicates with specificity which elements on Defendant's Claim Chart it admits are present in the accused device product or process, and which it contends are absent.  In the latter regard, Plaintiff will set forth in detail the basis for a contention that the element is absent.  As to the doctrine of equivalents, Plaintiff shall state any contentions concerning any differences in function, way and result and why any differences are substantial.

3.      On or before December 8, 2009, the parties shall simultaneously exchange a list of claim terms, phrases, or clauses which each party contends should be construed by the Court.  The parties shall thereafter and no later than December 15, 2009, meet and confer for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement.  During the meet and confer process, the parties shall exchange their preliminary proposed construction of each claim term, phrase or clause which the parties collectively have identified for claim construction purposes.

At the same time the parties exchange their respective "preliminary claim construction," they shall also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions.  The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced.  With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness's proposed testimony.

Following the parties meet and confer described above, and no later than December 15, 2009, the parties shall notify the Court as to whether they request that the Court schedule a Claim Construction hearing to determine claim interpretation.  If any party believes that there is no reason for a claim Construction hearing, the party shall provide the reason to the Court.

At the same time, the parties shall also complete and file with the Court, a joint claim construction statement which shall contain the following information:

a.      The construction of those claim terms, phrases or clauses on which the parties agree;

b.      Each party's proposed construction of each disputed claim term, phrase or clause, together with an identification of all references from the

specification of prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited, as permitted by law, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient and expert witnesses;

c.      Whether any party proposes to use animation or graphical support for its proposed claim construction, an overview of the content of each animation or graphical support, and a summary of the purpose of each animation or graphical support. Any such animation or graphical support that the court allows shall be revealed to the opposing party two weeks prior to the date for the Markman hearing.

d.      Whether any party proposes to call one or more witnesses, including experts at the Markman hearing, the identity of each such witness and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.  Expert depositions shall be in addition to the number of factual depositions which this order allows

If the Court schedules a Claim Construction hearing, prior to the date of the Claim Construction hearing, the Court shall issue an Order addressing:

a.      A briefing schedule.


Discovery Relating to Validity/Prior Art

1.      On or before January 15, 2010, Plaintiff shall serve on Defendant a list of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by Defendant. ("Plaintiff's Prior Art Statement).   If Plaintiff allege that a combination of prior art items render a claim obvious, Plaintiff shall identify each combination of prior art and the motivation to combine the items.

2.      On or before March 1, 2010, Defendant shall serve on Plaintiff, "Defendant's Prior Art Statement," in which it will state in detail its position on what the prior art relied upon by Plaintiff shows, if its interpretation differs from Plaintiff, and its position on why the prior art does not invalidate the patent(s)-in-suit.

3.      The Defendant and Plaintiff's "Prior Art Statements" can be, but need not be, in the form of expert reports.

4.      Plaintiff can add prior art to the original Statement only by leave of court, upon a showing:

1.      that it was not and could not reasonably have been located earlier by Defendant;

2.      that it is not merely cumulative of prior art already listed, and

3.      how Plaintiff will be prejudiced if leave is denied, and how the opposite party will not be prejudiced if leave is given.

## Pleading of Defenses

1.      Discovery permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

2.      Once a party is given the necessary discovery, the opposing party  may seek leave of Court to add claims or defenses for which it alleges, consistent with F.R.C.P. 11, that it has support, and such support shall be explained in the motion seeking leave.  Leave shall be liberally given where prima facie support is present, provided that the party seeks leave as soon as reasonably possible following the opposing party providing the necessary discovery.

3.      Plaintiff may postpone the waiver of any applicable attorney client privilege topics relevant to willfulness, if any, until May 1, 2010.  All discovery regarding the waiver will take place after May 1, 2010 and shall be completed by August 2, 2010.

## Discovery Definitions

1.      In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art," "best mode," "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used.  Compliance with this Order is not satisfied by the respondent

including a specific definition of the term-of-art in its response, and limiting its response to that definition.

Expert Witnesses

1.      By July 15, 2010, the parties shall identify to the opposing party the experts who will provide a report that deals with the issues on which that party has the burden of persuasion.

By August 2, 2010, the parties shall exchange initial expert reports, which reports shall be in accordance with Fed. R. Civ. P. 26(a)(2)(B) ("Initial Expert Reports"). The Initial Expert Reports from each party shall deal with the issues on which that party has the burden of persuasion.

By September 1, 2010, Rebuttal Expert Reports shall be exchanged.  Rebuttal Expert Reports shall also be in accordance with Fed. R. Civ. P. 26(a)(2)(B).

2       Every expert report shall begin with a succinct statement of the opinions the expert expects to give at trial.

3.      Unless leave of court is applied for and given, there shall be no expert testimony at trial on behalf of the party having the burden of persuasion on any issue not covered in that party's Initial Expert Report.

4.      Unless leave of Court is applied for and given, an expert shall not use or refer to at trial any evidence, basis or grounds in support of his/her opinion not disclosed in his/her expert report, except pursuant to paragraph 7, below.

5.      Unless leave of Court is applied for and given, no expert reports other than the Initial and Rebuttal Reports described in paragraph 1 above shall be permitted.

6.      No application under paragraphs 3- 5 shall be filed later than 30 days before the Final Pretrial Conference.

7.      The application for leave of Court referred to in paragraphs 3 - 6 above shall: (1) include, as an attachment, the additional expert report sought to be used, in which the new issue, evidence, basis or ground is explained; (2) explain in detail why the issue, evidence, basis or ground was not, or could not be, included in the Initial or Rebuttal report; and (3) explain the prejudice to the submitting party if the additional expert report is not permitted, and the lack of prejudice to its

opponent if the additional expert report is permitted.

8.     Within ten (10) days after the filing of an application pursuant to paragraph 7, the other party may file an opposition to the application, dealing with the issues of: (I) timeliness; (ii) prejudice; and (iii) what additional expert reports would be needed by the respondent if leave of court is given to the movant.

10.    Anything shown or told to an expert relating to the issues on which he/she opines, or to the evidence, basis or grounds in support of or countering the opinion, shall be referenced in that expert's report and is subject to discovery by the opposing party.

11.    Drafts of expert reports shall not be retained or produced.  There may not be inquiry into whom, if anyone, other than the expert participated in the drafting of his/her report and what the respective contributions were.  The court will not entertain motions on these two issues.

12.    All expert discovery, including expert depositions, shall be completed on or before October 1, 2010.


<u>Privilege & Related Issues</u>

## Foreign Prosecution

1.     If requested by Plaintiff, Defendant shall produce to it:

   1.     all prior art cited against foreign counterparts of the U.S. application(s) for the patent(s)-in-suit; and
   2.     all communications to or from foreign patent offices regarding counterparts of the U.S. application for the patent(s)-in-suit.

"Foreign counterparts" shall be interpreted broadly and includes applications based on specifications similar to the specification for the patent(s)-in-suit, regardless of their claims.

2.     There is presumption that communications between persons prosecuting foreign counterpart applications (attorneys or patent agents) and (I) the inventors; (ii) U.S. prosecution counsel; and (iii) each other, are privileged.  If such communications are requested by Plaintiff and Defendant objects on privilege grounds, no motion to compel shall be filed unless the Plaintiff can show, with

specificity, what it expects the communications to show ("something damaging to Defendant's position" is not a sufficiently specific showing) and how it intends to use the information discovered if it shows what is expected.  If a sufficient showing by Plaintiff is made, the court will receive the communications for inspection *in camera*, and will release them to Plaintiff only if they do show what Plaintiff expected.

### Patent Owner/Prosecution Counsel Communications

3.      Communications during patent prosecution between the inventor and owner of the patent(s)-in-suit on the one hand, and counsel prosecuting the patent(s) on the other, are presumptively privileged, and need not be produced by Defendant unless Plaintiff can state:

     1.      with reasonable specificity what information it believes it will find in such communications, and the basis for such belief; and

     2.      for what purpose it would use the information at trial.

If Plaintiff makes the required showing, the documents in question will be produced to the court for *in camera* inspection to determine whether they do, in fact, contain the information specified by Plaintiff and whether it could be used for the purpose proposed by Plaintiff.  The documents will be produced to Plaintiff only if both conditions are satisfied.

### Privilege Log

4.      Absent an agreement of counsel to the contrary, any document requested that is not produced shall be identified in a log of withheld documents ("Withheld Document Log").  For each document listed on the Withheld Document Log, the following information must be given:

     1.      the author(s);

     2.      the recipient(s);

     3.      the position held by each author and each recipient, including whether they are lawyers;

     4.      the date;

     5.      the basis or bases for withholding the document;

     6.      a description of the document in such detail that the requesting party can determine whether to challenge the basis or bases set forth pursuant to (e), (e.g., that "the document contains legal advice from X to Y concerning the subject of marking with the patent number").

**Inventor Testimony**

5.      In depositions of the inventor(s) of the patent(s)-in-suit, there shall be no instruction by the patent owner's counsel not to answer questions posed by counsel for Plaintiff, except on privilege grounds..  Questions calling for the inventor(s) to state an opinion or interpret a document relevant to issues in the case are not objectionable, and must be answered if the inventor(s) has an opinion or considers himself able to give an interpretation.  The inventor can decline to answer the question only if, in truth, the inventor(s) has no opinion or is unable to interpret the document; but the inventor(s) shall then be barred from giving such opinion interpreting such document at trial, and opposing counsel may advise the fact finder at trial of the inventor's declining to answer.

Fact Discovery

1.      Fact discovery shall be commenced in time to be completed by August 2, 2010. In this regard, discovery requests shall be served in time so that responses are due no later than August 2, 2010 and all fact depositions shall be completed by August 2, 2010.

2.      All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before July 15, 2009, with documents to be produced pursuant to these disclosures not later than August 1, 2009.  The parties may amend their disclosures as appropriate in light of additional information obtained through investigation or discovery.

3.      No more than 40 interrogatories (counted in accordance with Fed.R.Civ.P. 33(a)) shall be served by any party.

4.      Each party shall take no more than 15 depositions, excluding expert witness depositions.

6.      Plaintiffs shall not call anymore than 4 experts at trial. Defendant shall not call anymore that 4 experts at trial.

Other Discovery Issues

Electronically Stored Information ("ESI") shall be produced as TIFF image files with accompanying OCR, preserving the integrity of the electronic documents' contents and

maintaining the parent-child relationship with respect to emails and their attachments.  Where the functionality or format of an electronic document or ESI is destroyed, altered or unusable if promoted to a TIFF image (e.g., Excel spreadsheet, database information), the production shall be in native or otherwise agreed format.  Production of ESI shall include the following metadata: Application, BCC,  DocID, CC, Custodian/Source, Date Modified, Date Sent, Document Title, From/Author, Subject and To/Recipient.

Non-Dispositive Motions

(Non-dispositive motions may be scheduled for hearing by calling Judicial Assistant Kathy Thobe at 651-848-1210.)

1.      All motions which seek to amend the pleadings or add parties must be served by November 1, 2009.

2.      All other non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed by October 1, 2010.

3.      Prior to scheduling any non-dispositive motion, parties are encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through telephone conference with the Magistrate Judge.  To the extent that formal discovery motions will be filed, said motions should strictly comply with the provisions of Local Rules 7.1 and 37.1 and **shall be presented in a form that complies with Local Rule 37.2**.

Dispositive Motions

1.      All dispositive motions shall be **served, and filed by** December 1, 2010. (Counsel are reminded that they must anticipate the time required for scheduling this hearing by calling Calendar Clerk Holly Morley at 612-664-5083)

2.      All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1.

Trial

This case shall be ready for a **Jury** trial on January 1, 2011 or upon resolution of any pending dispositive motions.  Anticipated length of trial is 10 days.

Dated: May 12, 2009

s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge